**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL ARAM, INC., | Case No.:  17-cv-8810 |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| - against - | |
| CYNTHIA ROWLEY and DOES 1 through 10, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff, Michael Aram, Inc. ("Plaintiff"), by and through his undersigned attorneys, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that Defendant Cynthia Rowley's principal place of business is in this district and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.  Plaintiff Michael Aram, Inc. ("Plaintiff") is a New Jersey business corporation, which is authorized to do business in and is doing business within the state of New York, specifically in New York County.

5.  Plaintiff is informed and believes and thereon alleges that Defendant Cynthia Rowley ("Rowley"") is a fashion designer who sells goods through a retail store in New York County, New York, operating under the laws of the state of New York and is doing business in the state of New York.

6.  Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

8.  Plaintiff is a New Jersey corporation which conducts business through the sale and licensing of its copyrighted sculptures.

9. Plaintiff created a collection of sculptures titled "Spring 2013 Line List" in 2013. This sculpture is the subject of this dispute. The sculpture is an original work created by Plaintiff. Plaintiff is the owner of the sculpture, which was registered with the United States Copyright Office before the infringement at issue. A true and correct representation of the sculpture is reproduced below:



10. Plaintiff is informed and believes and thereon alleges that Rowley sells sculptures, among other things, to consumers through a website and retail store.

11. Plaintiff's investigation revealed that Defendant Rowley willfully copied Plaintiff's Subject Sculpture without Plaintiff's authorization. Rowley does not have and never had authorization to use the Subject Sculpture. A true and correct representation of Defendant Rowley's infringing use of the Subject Sculpture in her own sculpture is reproduced on the page below:

12. "Infringing Sculpture" (pictured in gold to the right of the silver Subject Sculpture):



## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement)

13.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

14.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Sculpture, including, without limitation, through viewing the Subject Sculpture on the World Wide Web.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and copied the Subject Sculpture in the design of the Infringing Sculpture.

16. Plaintiff is informed and believes and thereon alleges that the Infringing Sculpture designed by Defendants and shown above, uses the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Plaintiff's Subject Sculpture and are identical or at least substantially similar to Plaintiff's Subject Sculpture.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying the Subject Sculpture and publishing and selling the Infringing Sculpture to the public, without Plaintiff's authorization or consent.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's right in the Subject Sculpture. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his right in the Subject Sculpture in an amount to be established at trial.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

21. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Sculpture as alleged hereinabove.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

24. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's right in the Subject Sculpture. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Sculpture in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Sculpture, including, without limitation, an order requiring Defendant to remove the Infringing Sculpture from any print, web, or other publication owned, operated or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: November 13, 2017                    Respectfully submitted:

                                            By: /s/ Michael D. Steger
                                                Michael D. Steger (MS2009)
                                                DONIGER / BURROUGHS APC
                                                30 Ramland Road, Suite 201
                                                Orangeburg, NY 10962
                                                (646) 517-0600
                                                (845) 689-2155 (fax)
                                                michael@donigerlawfirm.com
                                                Attorney for Plaintiff